LOUD GOLD MIN. CO. *v.* BLAKE.

*(Circuit Court, N. D. Georgia. July, 1885.)*

RIPARIAN RIGHTS—DIVERSION OF WATER—INJUNCTION.

On examination of the evidence, *held*, the complainant has not established its exclusive right to the water alleged to have been diverted from its mine and land by defendant, and that an injunction restraining defendant should not be granted.

In Equity.

*Price & Bolton*, for complainant.

*H. H. Pavy* and *Harry Jackson*, for respondent.

BOARMAN, J. The complainant's bill shows that the Loud Gold Mining Company organized under a charter which authorized the company to acquire, but not exclusively, the use of the water in certain non-navigable streams by compulsory purchase from riparian proprietors. This company, in addition to its tracts of mining lands, purchased in 1880 certain farming lands through which Town creek runs; among these lots are Nos. 67, 71, and others lying below 67; that the company at great expense dug a ditch parallel with the flow of the creek, for the purpose of flowing the waters of Town creek to the mining lands. This ditch diverts and withdraws a portion of the water from the west side of the creek, some miles above the mining lands, at a point in the south half of lot 67, which flows through a continuous ditch to the mining lands. Complainant shows also that

the company purchased from a number of the owners of lands through which the creek runs the privilege of using the water; that is, of flowing it out into and through the ditch to the lands below.

It will be observed that the property claimed in this case by the complainant consists (1) of the mining lands, purchased at an expense of $20,000, and of the farming lands lying on the creek, purchased in 1880, to which last-mentioned lands certain riparian rights belong; (2) of the license or privilege purchased in 1880 from a number of the owners of the lands through which the creek runs, to divert and withdraw the water running through their lands for the company's use. Complainant alleges that the company's interests and rights in and to the mining and farming lands, and the company's rights to the license and privilege to divert and use the water running through the lots of other riparian owners, are invaded and injured by defendant, and that, in consequence of this wrongful invasion and injury, the mining interests of the company are and will remain valueless, unless relief is obtained against the wrongful and illegal acts of the defendant, against which the company complains and seeks this injunction.

The company complains that defendant illegally diverts and draws off the water from the east side of said creek at a point in the north half of lot 67, and causes it to flow through his ditch in such quantities as to leave, at certain periods of the year, no water, or not sufficient water, for complainant's lawful use; that this diversion and withdrawal of the water in such quantities, by the defendant, irreparably injures his property, and is in violation of the law which protects the company in the premises; because defendant, after withdrawing the water into his ditch, and using the same in his mills, which it is not denied he has a right to do, does not cause the flow to be returned to the stream, so that complainant can, under the rights and privileges claimed by the company, have the use of the water, as he is entitled to; but that defendant, after diverting and using the water in such quantities, allows it to be lost and wasted, so that, as a matter of fact, the water used by him finds its way back to the stream at a point not only below the mouth of the company's ditch in south half of lot 67, but at a place miles below the company's farming lands, and below the lands on the creek, from whose owners complainant bought said privileges and licenses, and the company, by defendant's diversion and waste of the water, is injured in being deprived of its lawful right as a riparian owner of the farming lands to have the water returned, and to flow into its natural channel through these lands, in such a way as the quantity will not be diminished, to the company's injury.

The pleadings and proof present two questions for solution: (1) Has the defendant wrongfully invaded and impaired the company's privileges so as to *irreparably* injure the mining interests of the company, and, if so, is the complainant (the right to the privileges and

licenses so purchased being considered as clearly established) competent to maintain this action against defendant? (2) Has the company, who owns in fee-simple the farming lands in lot 71 and other lands lying below 67, had such injury done to its riparian rights as will entitle it to the writ of injunction? That is, has the defendant, in withdrawing the water into his ditch, at a point in lot 67, and allowing the same to remain out of the creek until it reaches a point below the farming lands, caused such a diminution in the quantity of water that flows through the natural bed of the stream in lot 71 and others as to cause sufficient injury to the company to warrant a writ of injunction to restrain the defendant from diverting the water in lot 67?

The defendant does not deny that he withdraws a certain quantity of water from the creek at the point in lot 67 above complainant's ditch, but claims that the lands through which the water at that point is diverted belongs to him, and that as a riparian owner he has a lawful right to withdraw and use the said water. He contends further that if the water is wasted, and does not find its way into the creek until it gets below the complainant's ditch in lot 67, or below his farming lands in the lower lots, he is not, in this action, in any way accountable to complainant: (1) Because the possession of the licenses and privileges which complainant claims to have bought from the several riparian owners does not invest the company with such rights as will enable it to maintain this action. (2) Because the proof does not show that the water flowing through the creek at any season of the year in lot 71 is diminished, in consequence of the withdrawal of the water at a point in lot 67, *sufficiently to irreparably injure* the company; and if the water passing through lot 71 is materially lessened, because of defendant's withdrawal of the water, he, the defendant, secured the right to divert the water from lot 71 before complainant purchased the said farming lands, and his right was not affected by complainant's said purchase. These denials are, for the purposes of this suit, sufficiently sustained by the law and facts.

On the first question presented for solution it is not, in the view I shall take of this case, necessary to express an opinion as to whether the undisputed possession and ownership of such licenses or privileges as the company purchased from the riparian owners would enable the complainant to maintain this suit; for I shall hold that the defendant, as the proof shows, had dug his ditch through his own lands and had appropriated from the creek, at a point in his own land, the same quantity of water he now uses two years before the company owned any lands along the stream, or had become possessed of the privileges or licenses now claimed; that whether defendant now has any claim or right to the use of the water now flowing through his ditch or not which he can maintain at law against complainant, the facts show that, when the complainant reached the point in lot 67 from which he withdraws water into his ditch, the defendant had

publicly, and without any concealment or design to mislead complainant, dug and completed his ditch, and was and had been in the enjoyment and use of the water for two years; and the writ of injunction, after the completion of this valuable and costly work by defendant, should not now be made to operate in favor of the complainant, who knew for two years that the public work was going on for the purpose of withdrawing the water from a point in the north half of lot 67. The complainant, under its charter rights, has no cause, in an equity proceeding, to complain that the water is diverted and withdrawn in such quantities by defendant as to deprive the complainant of sufficient water for the company's mining purposes: (1) Because the proof administered by the complainant does not make it sufficiently clear to the court that the land sold by Logan to the company in 1880 was free from the right, which the defendant claims he had obtained previously from Logan, to divert and withdraw the water at the point in lot 67, and under the privilege obtained by defendant from Logan he was, and had been for two years before this suit was begun, in the enjoyment of the same quantity of water which is now appropriated by defendant. (2) Because the complainant's right, as the riparian proprietor of lot 71, and lots below, does not entitle the complainant to the writ of injunction; for the reason that the proof does not make it clear that his right to have the water flow through his lands in its natural channel *is injured by any material diminution of the flow* of the creek through his farming lands.

Reserving to complainant all the rights that he may have in an action at law, the relief and injunction asked for in this proceeding are refused and denied.